UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LOURDES ROMAN-NEGRON, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILARLY SITUATED, }<br>**}**<br>　　　　　　　　　　Plaintiff,　} <br>　　　v　　　　　　　　　　　　}<br>　　　　　　　　　　　　　　　}<br>RADIUS GLOBAL SOLUTIONS LLC　}<br>FK/A NORTHLAND GROUP, INC., AND }<br>CAVALRY SPV I, LLC,　　　　　　}<br>　　　　　　　　　　　　　　　}<br>　　　　　　　　　　Defendant.　} | Civil Action, File No.<br>2:19-cv-01803-JFB-GRB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Lourdes Roman-Negron [hereinafter "Negron"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Radius Global Solutions LLC f/k/a Northland Group, Inc. ("Radius"), and Cavalry SPV I, LLC (hereinafter "CSI"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on Radius possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside

in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Negron is a natural person who resides at 152 Junard Drive, Bay Shore, NY  11706.

6. Negron is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 1, 2017, Radius sent Negron the letter annexed as Exhibit A.  Negron received and read Exhibit A.  For the reasons set forth below, Negron's receipt and reading of Exhibit A deprived Negron of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Radius sent Exhibit A to Negron in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by Citibank, N.A. for her individual use, allegedly individually incurring charges by using the credit card account and then, as an individual, allegedly failing to pay for these charges.  Radius, via Exhibit A, attempted collect the past due debt from Negron in her individual capacity.  Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Radius is a Minnesota Foreign Limited Liability Corporation.

11. Based upon Exhibit A and upon Radius possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Radius is the collection of debts using the instrumentalities of interstate

commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, Radius identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, Radius is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14. CSI is a Delaware Limited Liability Corporation and a New York Foreign Limited Liability Corporation located in New York State in the County of Westchester in Valhalla, NY.

15. CSI possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

16. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Midland possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

17. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

18. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), throughout the years on a regular basis CSI has been the plaintiff in thousands of consumer debt collection lawsuits where the lawsuit alleged that CSI took assignment of the debt.

19. CSI's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts, and the subsequent hiring of agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted debts from consumers.

20. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to collect the aforementioned purchased defaulted debt are able to obtain payment, the payments are made payable to CSI and/or are received on behalf of or for the benefit of CSI.

21. CSI wholly owns one or more subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.  Upon information and belief, CSI directs and/or requires and/or allows CSI's wholly owned "debt collectors" subsidiaries to carry out collection efforts on CSI's behalf and for the sole benefit of CSI; CSI always possesses the beneficial interests in the collection accounts which CSI's wholly owned "debt collectors" attempt to collect.

22. Based on the above, the principal purpose of CSI is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

23. Based on the above, CSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Upon information and belief, CSI, issued work standards, directives, and/or guidelines to Radius which contained instructions, controls, and rules governing the steps Radius could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

25. All the actions alleged in this Complaint taken by Radius were taken by Radius as the "debt collector" for the "debt collector" CSI.

## FIRST CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

27. Exhibit A sets forth the following: "Current Balance Due:  $15,355.41".

28. Upon information and belief, on the date of Exhibit A CSI was not accruing interest, late charges, and/or other charges on the "Current Balance Due" of $15,355.41 set forth in Exhibit A; and therefore, Defendants violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance due or describing the balance as the "current" balance due.

## SECOND CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

30. Exhibit A sets forth the following:  "Current Balance Due:  $15,355.41".

31. If on the date of Exhibit A CSI continued to accrue interest, late charges, and/or other charges on the "Current Balance Due" of $15,355.41 set forth in Exhibit A, Exhibit A failed to notify Negron that her "Current Balance Due" of $15,355.41 may increase due to the aforementioned accrued interest, late charges, and/or other charges.

32. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Radius sending Exhibit A to Negron.

### THIRD CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

34. Setting forth the "current" balance due or describing the balance due as the "current" balance due without any other information regarding the balance due in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

36. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

38. As a result of Radius sending Exhibit A to Negron, Defendants violated of 15 USC 1692g.

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

40. The class consist of (a) all natural persons (b) who received a letter from Northland dated between November 1, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

41. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

43. The predominant common question is whether Defendant's letters violate the FDCPA.

44. Plaintiff will fairly and adequately represent the interests of the class members.

45. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

46. A class action is the superior means of adjudicating this dispute.

47. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in the amount of $500,000, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated: April 29, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107